In the Matter of the Application of HAROLD J. FOGLE, Petitioner, for a Mandamus Order against AXEL LEVIN, as Chief of the Police Department of the City of Jamestown, New York, Respondent.*

Supreme Court, Chautauqua County, January 18, 1934.

* See *Matter of Weiher* v. *Greene* (239 App. Div. 652).

*Jackson & Durkin* [*John G. Krieger* of counsel], for the petitioner.

*J. Samuel Fowler, Corporation Counsel,* for the respondent.

HARRIS, J. This is an application for an alternative order of mandamus directed to the above-named respondent commanding him to reinstate the petitioner to the position of patrolman or to show cause why such command ought not to be obeyed. In order to dispose of this application, it is necessary for the court to construe and to apply the provisions of section 31 of the Civil Service Law of the State of New York, which provisions are as follows:

" § 31. Civil service employees separated from the service of the State or civil division thereof preferred for certification. Any person who while holding a position in the competitive class under the civil service law or rules, has been separated from the service through the abolition of a department, office or institution, or any section, bureau or division thereof, or whose position is abolished or made unnecessary, through no delinquency or misconduct on his part shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment in the service, and shall be entitled to have his name entered upon a preferred list. The head of the department, office or institution in which such person was employed shall furnish the state civil service commission or, if the position is in the service of a city the municipal civil service commission of said city, a statement showing his name, title of position, date of appointment, and the date of and reason for his separation from the service. It shall be the duty of the state civil service commission or, if the person suspended shall have been in the service of a city, of the municipal civil service commission of said city forthwith to place the name of said person upon a preferred list for the office, or position, in which he has been employed, or for any corresponding or similar office or position in the same group and grade as the position he formerly held, and to certify from such list the names of persons for reinstatement, in the order of their original appointment, before making certification from any other list, for such position or similar position. The eligibility for reinstatement of a person whose name appears upon any such list shall not continue for a period longer than two years from the date of separation from the position so abolished, except that eligibility for reinstatement of such a person who shall have been

separated from the service by reason of the provisions of the state departments law shall continue for a period of four years from the date of separation from the position abolished or made unnecessary by such law; and failure to accept, after reasonable notice, an office or position to which he has been certified shall be held to be a relinquishment of his right to reinstatement as herein provided."

Search shows that so far as the particular facts presented herein are concerned, such section apparently has never been construed by the courts of this State.

The essential facts recited in the petition are, briefly, as follows: The respondent is now and has been since January, 1930, the chief of the police department of the city of Jamestown, and among his duties he has committed to him the task of appointing and, in proper cases, removing members of the police department. Such appointments and removals are to be made subject to the Civil Service Laws of the State and the regulations adopted thereunder by the local civil service commission. The position of patrolman is in the competitive class.

Prior to the 3d day of May, 1929, the petitioner was successful in passing an open competitive civil service examination for such position of patrolman. He attained a passing grade of eighty-three per cent and all the other competitors who passed received lower grades.

On or about the 8th day of April, 1930, it became necessary to add to the police force of the city of Jamestown eight new members, and for the purpose of appointing such new members to the force the respondent asked for and received from the civil service commission a certified list covering the position of patrolman which list contained the name of the petitioner as the first in standing and seven others in the order in which their names appeared by reason of their standing or grades. After receiving such list, and on or about the 8th day of April, 1930, the respondent notified the president and members of the Jamestown city council and the municipal civil service commission of the appointment of eight patrolmen, such notifications being in the form of letters as follows:

" DEPARTMENT OF POLICE
Jamestown, N. Y.

" *April* 8, 1930.

" To the Honorable,
THE MUNICIPAL CIVIL SERVICE COMMISSION,
Jamestown, N. Y.

" GENTLEMEN: Pursuant to the Civil Service Law, I hereby wish to certify that I hereby appoint as patrolmen in the Police Depart-

ment, the following men, such appointments to become effective at a date later to be determined by me, but not later than April 24, 1930;

"Harold E. Fogle, 33 Mt. Vernon Place.
Raymond E. Anderson, 16 Tew Street.
Daniel H. Carlson, 109 Fulton Street.
Earl M. Stafford, 211 North Main Street.
Robert W. Anderson, Summitt Avenue.
Edward C. Eggleston, 36 Prospect Street.
Nils V. Johnson, 166 Colfax Street.
Glenn H. Solomonson, 26½ Fairview Avenue.
Harold N. Johnson, 202 West Sixth Street.

"The addition of these men to the personnel of the department will make it possible to put into effect the three-platoon system of working shifts, and will fill a vacancy which has existed for several months.

"Respectfully yours,
"AXEL LEVIN,
"*Chief of Police.*"

"To the President and Honorable Members of Jamestown City Council.

"Gentlemen: In accordance with provisions made by your Hon. Board and in compliance to the Civil Service Board laws and regulations I beg to report that I have appointed the following men to act as Patrolmen for and in the City of Jamestown.

"Harold Fogle, 33 Mount Vernon Place.
Raymond E. Anderson, 16 Tew Street.
Dan H. Carlson, 109 Fulton Street.
Earl M. Stafford, 211 North Main Street.
Robert W. Anderson, Summit Street.
Edward C. Eggleston, 36 Prospect Street.
Nils V. Johnson, 312 Colfax Street.
Harold N. Johnson, 202 West Sixth Street.
Glenn H. Solomonson, 26½ Fairview (Resigned after few days).

"I also wish to report that I have appointed William J. Stahley to act as Lieutenant, taking effect May 1, 1930. The bond of the several officers above mentioned are on file with the City Clerk.

"All of which is respectfully submitted.

"AXEL LEVIN,
"*Chief of Police.*"

Following the appointments made in accordance with the above-recited letters, and on or about the 24th day of April, 1930, the eight men so appointed were inducted into the service. At that time the

petitioner was given badge No. 39 and the other seven men were given badges numbered in direct sequence thereafter and in the order in which their names appeared in the two above-recited letters, this order of numbering being the same as the order of their grades on the civil service list. The vacations of the said men appointed were also arranged in the order that would correspond to their respective civil service ratings and in the order in which their names appeared in the letters of appointment. Subsequent to such appointment, the petitioner and the seven other men so appointed served their probationary term and became permanent members of the police force of Jamestown.

During the month of February, 1932, for the purpose of economy, it became necessary to reduce the number of members of the police department of the city of Jamestown by the number of five. The respondent, for that purpose, suspended from the police department the petitioner and other patrolmen named as follows: Harold Johnson, Edward Eggleston, Earl Stafford and Raymond Anderson. The names of all these men, including that of the petitioner, were placed on the preferred list and the following notice in reference to such suspension was sent to the municipal civil service commission:

" DEPARTMENT OF POLICE
Jamestown, N. Y. " *Feb.* 27, 1932.

" CIVIL SERVICE COMMISSION
Jamestown, N. Y.

" GENTLEMEN: Carrying out the instructions of our Hon. Board of Aldermen with reference to the reduction in the number of men on the Police Department and in compliance with sec. 31 of State Civil Service Law, I hereby declare the following suspended, Harold Johnson, Edward Eggleston, Harold Fogle, Earl Stafford, and Raymond E. Anderson.

" You will note by the above section that the above men are on the preferred list for a period of two years from the date of suspension.

" This suspension is in effect at 12 o'clock midnight, February 29, 1932.

" Respectfully submitted
" AXEL LEVIN,
" *Chief of Police.*"

There were retained on the force at this time Patrolmen Dan H. Carlson, Robert W. Anderson and Nils V. Johnson, these being three of the men who were appointed on the same day as the petitioner. Subsequent to such suspension the respondent recalled to duty the above-named Raymond Anderson.

On these facts as above stated the petitioner claims to be aggrieved. His contention is that due to his standing first on the civil service list and eight appointments being made on the same day by means of the same communications to the civil service commission and to the city council, he is entitled to be returned as the first appointment and, therefore, that he should not have been removed at the time that he was suspended. I cannot agree with this contention of the petitioner. His civil service grade gave him the right to be certified among the first three names to be submitted for a vacancy. The law did not require the chief of police to appoint him to such a vacancy. In fact, the appointments could have been made in such a way that the petitioner would not have been appointed at all, this by asking for repeated certifications for positions or by rejecting one of the names — his — when the same was certified. So this contention of the petitioner cannot be the basis for the granting of the relief herein asked. However, I believe that if the facts stated in the petition, which are briefly recited above, are proven to the satisfaction of a jury or of a trial court without a jury, such facts, i. e., the location of the names of the appointees in the letters of appointment, the numbers of the badges, the arrangement of vacation time, would justify the jury in finding that in intent and fact, the appointment of the petitioner was the first appointment made. If this is so found by the trial court, then the petitioner would be entitled to the benefit of the provisions of section 31 above quoted, i. e., to have it held that as the first appointee, he should not have been suspended while others of the eight were kept on the force, and thus he would be entitled to reinstatement to the force. The respondent in his return to the petition sets forth certain facts connected with the service of the petitioner and in reference to the good of the department that may be found to be a defense on the trial of a writ of alternative mandamus.

In view of the conclusions above reached, an alternative order of mandamus may issue and the parties hereto can, on the trial of such order, litigate the questions of fact indicated above.